No. 25-180
Montgomery v. Orange County

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

ISAIAH MONTGOMERY,

*Plaintiff-Appellant*,

v.                                                                                        No. 25-180

ORANGE COUNTY (NEW YORK), CARL E. DUBOIS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS THE ORANGE COUNTY SHERIFF, C.O. ANDREW HANKINS, SHIELD NO. 441, INDIVIDUALLY AND IN HIS OFFICIAL

1

CAPACITY,

*Defendants-Appellees,*

WELLPATH LLC, FKA CORRECT CARE SOLUTIONS MEDICAL SERVICES PC AND/OR NEW YORK CORRECT CARE SOLUTIONS MEDICAL SERVICES PC, WELLPATH NY LLC, OLISAEMEKA AKAMNONU, M.D., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, CORRECTIONS OFFICERS/PERSONNEL JOHN DOE #1–20, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY (THE NAME JOHN DOE BEING FICTITIOUS, AS THE TRUE NAMES ARE PRESENTLY UNKNOWN), WELLPATH EMPLOYEES/AGENTS JOHN DOE #1–20, INDIVIDUALLY, (THE NAME JOHN DOE BEING FICTITIOUS, AS THE TRUE NAMES ARE PRESENTLY UNKNOWN), WELLPATH EMPLOYEES/AGENTS DOE #1–20, IN THEIR OFFICIAL CAPACITY (THE NAME JOHN DOE BEING FICTITIOUS, AS THE TRUE NAMES ARE PRESENTLY UNKNOWN),

*Defendants.*

—————————————————————————

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JOSHUA P. FITCH, Cohen & Fitch LLP, New York, NY |
| **FOR DEFENDANTS-APPELLEES:** | STEPHANIE T. MIDLER, Assistant County Attorney, (Richard B. Golden, Orange County Attorney, *on the brief*), Goshen, NY. |

Appeal from a December 23, 2024 judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Isaiah Montgomery appeals the dismissal of his Eighth and Fourteenth Amendment claims brought under 42 U.S.C. § 1983 against Defendants-Appellees Sheriff Carl DuBois, Corrections Officer Andrew Hankins, and Orange County.[1] We assume the parties' familiarity with the facts, procedural history, and issues on appeal, and we recount only as necessary to explain our decision to affirm.

## I.    Background

Montgomery alleges that he was assaulted by another inmate while the two men were incarcerated at Orange County Correctional Facility ("OCCF").[2]  While Montgomery and the other inmate were together in a recreation room, the other inmate used a microwave to heat a cup of water and pour it on Montgomery, causing injury.

Montgomery sued Defendants for deliberate indifference to his safety under the Eighth and Fourteenth Amendments when they failed to protect him from the assault.

---

[1]    We use the spelling and formatting of the parties' names that appears in their briefs submitted in the instant appeal.

[2]    At the time of the assault, Montgomery was awaiting trial on misdemeanor charges and was serving a separate misdemeanor sentence.

Defendants moved to dismiss Montgomery's lawsuit for failure to state a claim. The District Court granted the motion in its entirety, concluding that Montgomery failed to state a claim for deliberate indifference against any of the three Defendants. Montgomery now appeals the District Court's dismissal of his claims.

## II.    Standard of Review

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (quoting *Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1076 (2d Cir. 2021)).

## III.    Discussion

Montgomery brings claims against DuBois and Hankins in both their official and individual capacities. We affirm dismissal of the official-capacity claims against Hankins and DuBois as duplicative of the municipality-liability claim against Orange County, pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). *See also Tanvir v. Tanzin*, 894 F.3d 449, 459 (2d Cir. 2018) ("In an official capacity suit, 'the real party in interest . . . is the governmental entity and not the named official.'" (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)), *aff'd*, 592 U.S. 43 (2020); *Reynolds v. Guiliani*, 506 F.3d 183, 191 (2d Cir. 2007) ("An official capacity suit against a public servant is treated as one against the governmental entity itself.").

4

We consider Montgomery's claims against Hankins and DuBois in their individual capacities separately, but we analyze both under the same two-prong test laid out in *Farmer v. Brennan*, 511 U.S. 825 (1994).[3] To withstand dismissal under this test, Montgomery must satisfy (1) an objective prong by pleading facts showing that he was incarcerated under "conditions of confinement that objectively pose an unreasonable risk of serious harm to [his] current or future health," and (2) a subjective prong by pleading that Defendant-Appellees "acted with 'deliberate indifference,'" *i.e.*, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Vega v. Semple*, 963 F.3d 259, 273 (2d Cir. 2020) (quoting *Farmer*, 511 U.S. at 834, 837). In this case, Montgomery's claim against Orange County rises and falls with his claim against DuBois as a policymaker for OCCF. *Torcivia v. Suffolk Cnty.*, 17 F.4th 342, 354–55, 364 (2d Cir. 2021).

---

[3] Montgomery argues that he has an independent claim for deliberate indifference under the Fourteenth Amendment. At the time Montgomery was assaulted by the other inmate, he was serving a term of incarceration for a misdemeanor conviction and was awaiting trial on other misdemeanor charges. Deliberate indifference claims brought by pretrial detainees are analyzed under the Due Process Clause, while claims brought by post-conviction detainees must proceed under the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17, 34–35 (2d Cir. 2017). Unlike plaintiffs proceeding under the Eighth Amendment—who must show that a prison official actually knew of a risk of harm—plaintiffs bringing Due Process claims for deliberate indifference need only prove that a prison official "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. However, Montgomery's claims in this case would fail either way. For the reasons discussed below, Montgomery's complaint does not allege facts sufficient to infer that either Hankins or DuBois knew, or should have known, of a substantial risk of harm.

## A. Hankins's Liability

Montgomery's allegations against Hankins do not establish deliberate indifference because they do not satisfy the subjective prong of the *Farmer* test. There is nothing in the complaint that would permit us to conclude that Hankins was "aware" or "dr[ew] the inference" that Montgomery was at risk of being attacked with hot water while Hankins was supervising the recreation room. *Farmer*, 511 U.S. at 837. Moreover, Montgomery's complaint does not plausibly allege that Hankins had sufficient time to intervene to prevent the attack. *See, e.g.*, *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) ("The three blows were struck in such rapid succession that [law enforcement officer] had no realistic opportunity to attempt to prevent them."); *Williams v. Vincent*, 508 F.2d 541, 545–46 (2d Cir. 1974) (concluding no plausible failure-to-protect allegation based on a corrections officer's "splitsecond [sic] decision to jump back when he suddenly perceived danger to both [plaintiff] and himself").

## B. DuBois's and Orange County's Liability

Montgomery's allegations against DuBois do not establish that he was deliberately indifferent as Orange County's "final policymaking official," Reply Br. at 5, because they also do not satisfy the subjective prong of the *Farmer* test. Montgomery does not plausibly plead that DuBois was aware of any risk caused by allowing unsupervised access to microwaves and other heating devices. As discussed above, Montgomery's claim against Orange County must therefore also fail. *See Torcivia*, 17 F.4th at 354–55, 364.

6

## IV.  Conclusion

We have considered Montgomery's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court